CRETE MUTUAL FIRE INSURANCE COMPANY V. THOMAS PATZ.

FILED MAY 8, 1902. No. 11,687.

Commissioner's opinion, Department No. 3.

1. **Evidence.** Evidence examined, and *held* sufficient to sustain the verdict.

2. **Instruction.** Instruction, tendered and refused, examined, and *held*, its refusal was proper.

3. ———. It is not error to refuse an instruction which is broader than the evidence, nor where the same ground is covered by an instruction given by the court on its own motion.

ERROR from the district court for Saline county. Tried below before HASTINGS, J. *Affirmed,*

*Abbott & Abbott,* for plaintiff in error.

*Fayette I. Foss, B. V. Kohout* and *R. D. Brown, contra.*

ALBERT, C.

This action was brought by Thomas Patz against the Crete Mutual Fire Insurance Company to recover a balance alleged to be due him for services rendered by his minor daughter at the instance and request of the defendant. The defendant denies any contract, either express or implied, for such services and alleges, in effect, that whatever services the said minor rendered were simply in assisting the plaintiff, who was secretary of the company, at his instance and request, for his exclusive benefit. and without the knowledge or consent of the defendant, and that whatever payments were made for such services were obtained by fraud, practiced on the defendant by the plaintiff, and without its knowledge or consent. The defendant asks judgment against the plaintiff for the amount of such payments. The allegations of the answer are put in issue by the reply. There was a verdict and judgment for the plaintiff. The defendant brings the case here on error.

The principal ground relied upon for a reversal of the judgment of the district court is that the verdict is not sustained by sufficient evidence, especially that there is a failure to show any contract of hiring, either express or implied. We have gone over the testimony. In our opinion it is sufficient to sustain the verdict on all essential points.

The defendant tendered the following instructions:

"In this case the plaintiff seeks to recover from the defendant insurance company for services of a minor daughter of the plaintiff alleged to have been performed by her for the defendant. If you shall find from the evidence that the plaintiff was, at the time such alleged services were performed, employed by the defendant as its secre-

tary, at a fixed salary, and that it was his custom to have his children with him in the office of the company rendering him assistance in various ways,. in such case the law does not, in the absence of an express agreement to pay for such help, raise any presumption of a promise on the part of the defendant to pay for such services; and the plaintiff can not recover in this case.

"If you shall find from the evidence that there was no express contract of hiring in this case, and by application of the foregoing instructions to the evidence, that there was no implied contract of hiring,. and shall further find from the evidence that the money which the plaintiff claims was paid for such hiring, was by him, while he was acting as secretary to the defendant, secretly so applied by him without the knowledge or consent of the board of directors of the defendant, then such use of the money was unwarranted and you should find for the defendant to the full amount of the money which the evidence shows to have been so taken and used by the plaintiff; unless you shall further find from the evidence that the defendant by its officers has since ratified such taking and use.

"It is true that the law is such that if one sees another performing labor for him, which is beneficial to him and does not object but allows the work to go on and avails himself of the benefits, the person for whom the labor is performed is bound to pay for such labor as it was reasonably worth, but no more; hence in this case, if you shall find from the evidence with the foregoing instruction applied thereto. that the plaintiff is entitled to any pay for the services rendered· by his daughter to the defendant, you will find the value of the services as shown by the evidence; and if the amount received by the plaintiff. as shown by the plaintiff's petition is less than the amount so found, you will find for the plaintiff for the balance. But if you shall find it to be less, then under the pleadings in the case you will find for defendant for such an amount as the money claimed to have been payments exceeds the value of the services so rendered."

The instructions tendered were refused, and their refusal is now assigned as error.

As to the first, it does not state the law. It is vitiated by the closing clause. It says, in effect, that, if it was the custom of the plaintiff to have his children assist him at his work for the defendant, there can be no implied contract to pay for the services of any one of the children, no matter under what circumstances they may have been rendered. As to the second, the court on its own motion instructed the jury that no evidence had been introduced, and no claim made by the defendant, as to the money paid by the plaintiff for the services of his daughter. No exception was taken to such instruction. Hence we must assume it was a fair statement of the facts in that behalf. If it was, there was no evidence on which to base the instruction tendered by the defendant on that point. As to the third, the same ground is covered by the instructions given by the court on its own motion. Consequently it was not error to refuse it.

Complaint is made of the rulings of the court during the progress of the trial. They are not argued, nor do we find they afford any just ground for complaint.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.